## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATRIX FINANCIAL SERVICES CORP.,**<br><br>**Plaintiff,**<br>**v.**<br><br>**JOSHUA L. SELTZER and MAY YEUNG SELTZER,**<br><br>**Defendants.** | Civ. No. 2:22-CV-05967 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.

This matter comes before the Court on plaintiff Matrix Financial Services Corp.'s, ("Plaintiff") motion to remand. ECF No. 7. Having considered the parties' submissions, the Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **GRANTED.**

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2022, Plaintiff filed a foreclosure complaint in the Superior Court of New Jersey in Hudson County against defendants Joshua L. Seltzer and May Yeung Seltzer ("Defendants"). Defendants filed their notice of removal on October 9, 2022, and argued that their motion for removal was timely because the original complaint did not allege "the citizenship of the Defendants or the amount of relief being sought," which Defendants did not determine until September 27, 2022. Def. Mot. at 5. In its motion for remand, Plaintiff argued that removal was not timely because Defendants were served via a process server with the summons and complaint on August 19, 2022. *See* Pl. Cert. Ex. 2. Defendants filed their opposition to the motion to remand on December 11, 2022, and Plaintiff filed its reply on December 16, 2022.

### II.     LEGAL STANDARD

"Except as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, "[t]he removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. Removal statutes are to be strictly construed, with

all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citations omitted). A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief..." 28 U.S.C. § 1446(b)(1).

## III.   DISCUSSION

The threshold inquiry for this motion is timeliness. Defendants must have filed their notice of removal within 30 days of effecting service. However, the Court must inquire as to when service was properly made.

In determining whether Plaintiffs properly served Defendants before removal, a federal court must apply the law of the state under which the service was made. *See Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 561 (D.N.J. 2009). New Jersey Court Rule 4:4-4 governs service of process in New Jersey State Courts. Here, Plaintiff contends Defendants were properly served on August 19, 2022 via an independent process server under Rule 4:4-4(a) by personally serving Defendant May Yeung Seltzer, who also allegedly accepted service for Defendant Joshua Seltzer. Plaintiffs filed their proof of service on September 30, 2022, which include an affidavit of service by David Rojas of ProVest LLC. Def. Cert. Ex. 2. Return of service creates a "presumption that the facts recited therein are true." *Garley v. Waddington*, 177 N.J. Super. 173, 180 (App. Div. 1981). Although this presumption may be rebutted, it must be shown by clear and convincing evidence that the return is false. *Id.* at 180-81.

Defendants failed to demonstrate service was ineffective based on alleged errors concerning Defendant May Yeung Seltzer's physical attributes in the affidavit of service.[1] The service processer used by the Plaintiff described the individual that accepted service at the correct address for the house at issue as a female, aged 50-60, Asian ethnicity, brown hair, brown eyes, between 5'4" and 5'7" in height and between 151 lbs and 170 lbs. Defendants argue via an affidavit of Defendant May Yeung Seltzer that the individual with whom service was made was neither her nor a household member capable of receiving service. In support of this, Mrs. Seltzer states in her affidavit that her hair color is not brown and she weighs 105 lbs. She seemingly does not dispute the age, gender, ethnicity, eye color, or height as stated in the affidavit of service. Furthermore, in her affidavit, Ms. Seltzer states she was not home at the time to receive service but alludes to a "Yan Yan

---

[1] The cases cited by Defendants for the proposition that failing to file an affidavit of service is a fatal defect in service of process are inapposite. First, Plaintiff did in fact file an affidavit of service, albeit unpunctually. Second, the cases cited deal with default judgments, not notices of removal. *Burgos v. Int'l Vacation Club, Ltd.*, dealt specifically with alternative service by mail, which can only be allowed "if it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made..." 2012 N.J. Super. Unpub. LEXIS 552, at *6 (Super. Ct. App. Div. Mar. 13, 2012). *U.S. Bank Nat'l Ass'n v. Curcio* similarly deals with the filing of a service of affidavit with respect to the timeliness of an entry of default, which is inapplicable here. 444 N.J. Super. 94, 107-08 (App. Div. 2016). Although there is a pending default judgment in the state action, the only pending motion before this Court is one for remand.

Yeung" who was home at the time. No affidavit by Yan Yan Yeung was provided showing she was not the one who accepted service. Therefore, the Court finds that Defendants failed to meet their burden of clear and convincing evidence that the return is false. As such, the Court finds that service was effected properly on August 19, 2022. This leads to the conclusion that Defendants' notice of removal, which was filed on October 9, 2022 was well outside the 30-day limit imposed by 28 U.S.C. § 1446(b)(1).

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is **GRANTED.** An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: **February 9, 2023**